[J-55-2022] [MO:Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

THE MARCELLUS SHALE COALITION,

        Appellee

        v.

DEPARTMENT OF ENVIRONMENTAL
PROTECTION  OF THE
COMMONWEALTH OF PENNSYLVANIA
AND ENVIRONMENTAL QUALITY BOARD
OF THE COMMONWEALTH OF
PENNSYLVANIA,

        Appellants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 69 MAP 2021

Appeal from the Order of the
Commonwealth Court at No. 573
MD 2016 dated August 12, 2021.

ARGUED:  September 15, 2022

**CONCURRING AND DISSENTING OPINION**

**JUSTICE DOUGHERTY**                          **DECIDED:  April 19, 2023**

I join Parts I-V as well as Part VI(C)(2) of the Opinion of the Court.  I agree that the Agencies did not exceed their rulemaking powers by enacting 25 Pa. Code §78a.1, which defines "[o]ther critical communities."  Like Justice Wecht, however, I would assess the rulemaking authority of the Agencies "through ordinary principles of statutory construction[,]" including use of an *ejusdem generis* analysis.  Concurring and Dissenting Opinion at 2 (Wecht, J.).  As such, I concur only in the result as to this issue.  An *ejusdem generis* analysis also leads me to agree with Justice Mundy that the Agencies exceeded their rulemaking power by enacting 25 Pa. Code §78a.15(f)(1)(vi), which includes "common areas on a school's property or a playground" as public resources because "they 'do not share the same attributes as the other public resources identified in [58

Pa.C.S. §3215(c).]'" Dissenting Opinion at 5-6 (Mundy, J.), *quoting Marcellus Shale Coalition v. Dep't of Environmental Protection*, 193 A.3d 447, 481 (Pa. Cmwlth. 2018). By extension, I would also hold the Agencies exceeded their rulemaking authority by including private owners of such areas in the definition of "[p]ublic resource agency" codified at 25 Pa. Code §78a.1. For these reasons, I concur in part and dissent in part.